UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION


LATARSHA ELLIS                                                                           PLAINTIFF

V.                                                       CIVIL ACTION NO. 3:20-CV-393-KHJ-LGI

MIDWEST TECHNICAL INSTITUTE, INC.                                         DEFENDANTS
d/b/a DELTA TECHNICAL COLLEGE,
JUANITA LUSE, RALPH FITZGERALD, and
DEMETRIA PULLIN

ORDER

This action is before the Court on the Motion to Dismiss [12] filed by Defendants Ralph Fitzgerald, Juanita Luse, Demetria Pullin, and Midwest Technical Institute d/b/a Delta Technical College ("Delta Technical"). For the reasons below, the Court denies Defendants' motion without prejudice and allows Plaintiff Latarsha Ellis one final opportunity to serve valid process.

I.      Facts and Procedural History

Plaintiff Latarsha Ellis filed suit on June 8, 2020, as a pro se litigant. Compl. [1]. She amended her Complaint on October 6, 2020, Am. Compl. [3], and three days later, her attorney filed a Notice of Appearance [2]. The Federal Rules of Civil Procedure require Ellis to serve process on Defendants within 90 days of filing her original Complaint, which would have been September 8, 2020. Fed. R. Civ. P. 4(m). Ellis failed to serve any Defendant or even have a summons issued by the Clerk of the Court by that date.

The Court issued an Order notifying Ellis she failed to serve process and extended her deadline to serve process to December 11, 2020. [4]. The Court warned Ellis that failure to serve process could lead to the dismissal of her lawsuit. *Id.* The Clerk of the Court issued three summonses to Ellis on December 11, 2020, directed to Luse, Pullin, and the "President of Delta Technical College." Summons [5]. Ellis ensured these Summonses [5] were hand-delivered to Lesa Morris, an admissions representative at Delta Technical's campus in Ridgeland, Mississippi. Morris Aff. [12-1], ¶¶ 2-3. Ms. Morris is not a Delta Technical officer, and no party has authorized her to accept service of process. *Id.*, ¶¶ 4-6.

Shortly after this attempted service, Defendants answered the Amended Complaint, properly reserving their challenge to Ellis' service of process. Answer [7] at 1; *see also* Fed. R. Civ. P. 12(h). Defendants then moved to dismiss [12] to which Ellis timely responded [15].

II.   Standard

Defendants bring their motion under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process and 12(b)(6) for failure to state a claim upon which relief can be granted. Because the Court finds Ellis did not properly serve any Defendant, the Court analyzes the motion only under Rule 12(b)(5). If Ellis properly serves Defendants, they may file another Rule 12(b)(6) motion.

"If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a

specified time." Fed. R. Civ. 4(m). The Court has "broad discretion to dismiss an action for ineffective service of process" under Rule 12(b)(5). *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1998) (citing *George v. United States Dep't of Labor*, 788 F.2d 1115, 1116 (5th Cir. 1986)). That said, where "the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). "When service of process is challenged, the serving party bears the burden of proving . . . good cause for failure to effect timely service." *Thrasher v. City of Amarillo*, 709 F.3d 509, 533 (5th Cir. 2013) (quoting *Sys. Signs Supplies v. U.S. Dep't of Justice, Wash. D.C.*, 903 F.2d 1011, 1013 (5th Cir. 1990)).

III. Analysis

Defendants make two arguments about the insufficiency of Ellis' service of process. First, they argue Ellis failed to direct a summons to either Fitzgerald or Delta Technical. Memo. in Supp. [13] at 3. Next, they argue Ellis failed to properly serve any Defendant with process. *Id.* at 4-5. With no citation to legal authority, Ellis responds that Defendants were properly served. Response [15], ¶¶ 2-4.

    A.    Summons Directed to Fitzgerald and Delta Technical

Federal Rule of Civil Procedure 4(a)-(b) requires that a summons be issued and directed to "each defendant." Ellis sued four defendants. But the Clerk of the Court issued only three summonses to Ellis—two directed to Luse and Pullin and one directed to the "President of Delta Technical College." Summons [5]. Even if such a title were enough to identify a party, the "President of Delta Technical

3

College" is not a named party. Defendants state Fitzgerald is a former president of Delta Technical, Memo. in Supp. [13] at 3, and Ellis admits Delta Technical no longer employs Fitzgerald. Response [14], ¶ 2. The Court therefore finds Ellis has failed to direct a summons to either Fitzgerald or Delta Technical.

      B.      Ellis did not Properly Serve any Defendant

Even if Ellis had properly directed a summons to each Defendant, she failed to properly serve process on any Defendant. Rule 4 allows for service of process on an individual in the Southern District of Mississippi by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

For a corporation, partnership, or association, such as Delta Technical, Rule 4 allows for service of process by following the ordinary state procedure or

> by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

Fed. R. Civ. 4(h)(1). Mississippi procedure describes a substantially similar method for serving process on a domestic corporation or partnership. Miss. R. Civ. 4(d)(4) (allowing service "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process").

Ellis caused the three summonses to be hand-delivered to Lesa Morris, an admissions representative at the Delta Technical campus in Ridgeland, Mississippi. Morris Aff. [12-1], ¶ 3. No party designated Ms. Morris as an agent authorized to accept process on their behalf, and she is not an officer of Delta Technical. *Id.*, ¶¶ 4-6. In fact, Ellis admits Delta Technical's registered agent is the "President of Delta Technical College." Response [15], ¶ 4.

The Court finds Ellis' attempted service on Fitzgerald, Luse, and Pullin insufficient. Ellis tried to serve process by leaving the summons with an employee at the Delta Technical campus in Ridgeland—where Ellis admits Fitzgerald and Luse no longer work and where Pullin only "often works" according to Ellis. Response [15], ¶¶ 2-3. But even if Delta Technical employed all three individual Defendants at its Ridgeland campus, neither Federal nor Mississippi Rule of Civil Procedure 4 authorizes service of process on a non-authorized agent at a defendant's place of employment. *See* Fed. R. Civ. P. 4(e). Ellis therefore has failed to serve sufficient process on Fitzgerald, Luse, or Pullin.

Ellis' attempted service on Delta Technical also fails. Ellis caused process to be left with Ms. Morris. Morris Aff. [12-1], ¶ 3. Ellis admits Delta Technical

5

authorizes its president to accept process as its registered agent. Response [15], ¶ 4. Though Ellis may have directed the summons to the "President of Delta Technical College," Summons [5] at 2, she served process on Ms. Morris, an admissions representative who is not authorized to accept service of process and is not an officer of Delta Technical. Morris Aff. [12-1], ¶¶ 2-6.

Ellis has had more than a reasonable amount of time to serve process. She makes no attempt to excuse her lack of sufficient service of process or show good cause as to why another extension to serve process should be granted. *See* Response [15]. In the interests of justice, though, the Court will allow Ellis one final opportunity to serve process on each Defendant.

The Court therefore orders Ellis to accomplish valid service of process <u>and</u> to file proof of valid service on or before April 26, 2021. No more extensions of the service deadline will be allowed absent extraordinary circumstances. Failure to accomplish valid service of process and file proof of valid service by this date will result in this action being dismissed without prejudice.

IV.   Conclusion

The Court has considered all the arguments set forth by the parties. Those arguments not addressed would not have changed the outcome of the Court's decision. For these reasons, Defendants' Motion to Dismiss [12] is DENIED WITHOUT PREJUDICE.

Ellis is ORDERED to accomplish valid service of process <u>and</u> to file proof of valid service on or before April 26, 2021. Failure to accomplish valid service of

process and file proof of valid service by this date will result in this action being dismiss without prejudice.

Defendants will be allowed to assert any arguments under Rule 12(b)(6) after valid service.

SO ORDERED AND ADJUDGED this the 12th day of April, 2021.

s/ *Kristi H. Johnson*<br>UNITED STATES DISTRICT