UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LATARSHA ELLIS                                                                            PLAINTIFF

V.                                                   CIVIL ACTION NO.  3:20-CV-393-KHJ-LGI

MIDWEST TECHNICAL INSTITUTE, INC.                              DEFENDANTS
d/b/a DELTA TECHNICAL COLLEGE,
JUANITA LUSE, RALPH FITZGERALD, and
DEMETRIA PULLIN

ORDER

This action is before the Court on the Motion to Dismiss [25] filed by Defendants Midwest Technical Institute d/b/a Delta Technical College ("Delta Technical"), Ralph Fitzgerald, Juanita Luse, and Demetria Pullin (collectively "Defendants"). Defendants move to dismiss Ellis' retaliation claim against Delta Technical and her Title VII and § 1981 claims against the individual Defendants For the reasons below, the Court grants Defendants' motion.

I.      Facts and Procedural History

Delta Technical hired Plaintiff Latarsha Ellis in August 2017 as an Instructor of Cosmetology. Am. Compl. [3], ¶ 8. The next year, it promoted Ellis to Placement Coordinator and Instructor. *Id.* Ellis alleges she received "unfair yearly performance assessments," and Delta Technical improperly evaluated her because it did not evaluate her "in class" like it did with other instructors. *Id.*, ¶ 9. She also claims Delta Technical discriminated against her by not recognizing her one-year

employment anniversary, forcing her to interview without warning for a lateral shift change position, demoting her from her position as Placement Coordinator,[1] and asking her "to train the younger, white female, with less experience, for her position." *Id.*, ¶¶ 11-13. During her tenure with the college, Ellis says she "brought to the attention of the administration the unfair and discriminatory treatment of black students versus white students." *Id.*, ¶ 10. Delta Technical fired Ellis on October 1, 2018. *Id.*, ¶ 14.

Feeling aggrieved, Ellis sued Delta Technical, President Fitzgerald, Director of Education Luse, and Director of Cosmetology Pullin, for retaliation under Title VII and race discrimination under Title VII and 42 U.S.C. § 1981. [3], ¶¶ 3-5. Defendants move to dismiss Ellis' Title VII retaliation claim against Delta Technical, her Title VII claims against Fitzgerald, Luse, and Pullin, and her § 1981 claim against Luse.[2] [13] at 3-7. Ellis filed a one-page response stating, "[t]hat the Plaintiff denies the allegations contained in the Motion that the case should be dismissed," and failed to file an accompanying memorandum of law. [27]. Two weeks after Defendants' Reply [28], and over a month after it was due, Ellis filed her Memorandum in Support [29] without seeking leave of Court. In an abundance of caution, the Court will consider this untimely memorandum. Defendants replied [31] to it, and the Court is ready to rule.

---

[1] Ellis calls this position both "Placement Coordinator" and "Program Coordinator" in her Amended Complaint. *See* [3], ¶¶ 8, 13. The Court assumes these are the same positions.
[2] Defendants do not move to dismiss Ellis' § 1981 and Title VII claims for race discrimination against Delta Technical.

II.    Standard

In reviewing a motion under Federal Rule of Civil Procedure 12(b)(6), "the central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) (alteration omitted) (quoting *Hughes v. The Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001)). A valid claim for relief contains "sufficient factual matter, accepted as true," giving the claim "facial plausibility" and allowing "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The plausibility standard does not ask for a probability of unlawful conduct but does require more than a "sheer possibility." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" do not satisfy a plaintiff's pleading burden. *Id.* (citing *Twombly*, 550 U.S. at 555).

III.    Analysis

    A.    Title VII Retaliation Against Delta Technical

Defendants first argue Ellis does not state a claim for Title VII retaliation against Delta Technical. [26] at 3-6. "To establish a prima facie case of retaliation, [a plaintiff] must show three elements: '(1) that [she] engaged in activity protected by Title VII, (2) that an adverse employment action occurred, and (3) that a causal link existed between the protected activity and the adverse employment action.'" *Roberson v. Alltel Info. Servs.*, 373 F.3d 647, 655 (5th Cir. 2004) (quoting *Long v.*

*Eastfield Coll.*, 88 F.3d 300, 304 (5th Cir. 1996)). To participate in a Title VII protected activity, Ellis must have either opposed "an unlawful employment practice" under Title VII or participated "in any manner [in] an investigation, proceeding, or hearing" under Title VII. *Equal Emp't Opportunity Comm'n v. Rite Way Serv., Inc.*, 819 F.3d 235, 239 (5th Cir. 2016) (quoting 42 U.S.C. § 2000e-3(a)). "Complaining about unfair treatment without specifying why the treatment is unfair, however, is not a protected activity." *Tratree v. BP N. Am. Pipelines, Inc.*, 277 F. App'x 390, 395 (5th Cir. 2008) (citing *Harris-Childs v. Medco Health Sols.*, 169 F. App'x 913, 916 (5th Cir. 2006)).

In her Amended Complaint, Ellis alleges Delta Technical terminated her employment in retaliation "for making a complaint to Beth Anderson, COO of Midwest Technical Institute, Inc. and Lynette Birky, COO of Midwest Technical Institute, Inc. regarding the practices and procedures of the Delta Technical Institute campus in Mississippi." [3], ¶ 16. She also claims she "brought to the attention of the administration the unfair and discriminatory treatment of black students versus white students," and includes examples of instances when she claims white students were given preferential treatment. *Id.*, ¶ 10. Ellis states she later emailed Anderson and Birky to "communicate[] the practices and procedures that were taking place at Delta Technical College . . . [,] the unfair treatment she had received" in her annual evaluation and transfer interview. *Id.*, ¶ 12.

These allegations are insufficient to allege a Title VII protected activity. Ellis states that she complained about unfair treatment of black students, and generally

4

complained that Delta Technical treated her unfairly. Neither activity shows that she opposed an unlawful employment practice under Title VII. *See Rite Way Serv., Inc.*, 819 F.3d at 239. Title VII makes unlawful employment practices that discriminate on the basis of an "individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). Ellis does not allege that she reported to Delta Technical racial discrimination in employment practices. Rather, she reported discriminatory treatment *of students* based on race. [3], ¶¶ 10-13. As for her, she only mentions "unfair treatment" in an interview and an annual evaluation. [3], ¶¶ 10-13. But she does not claim that any unfair treatment towards her was because of her race or that she reported her demotion and replacement with a white employee to Delta Technical. *Id.*, ¶ 13. For these reasons, her complaints to Delta Technical do not constitute protected activity under Title VII. *See Tratree*, 277 F. App'x at 390 (finding no protected activity because plaintiff's complaint of unfair treatment never referred to the discriminatory treatment as age based). Ellis therefore fails to state a claim for retaliation against Delta Technical, and the Court dismisses this claim.

    B.    Title VII and § 1981 Claims against the Individual Defendants

Defendants also argue Ellis' Title VII claims against Fitzgerald, Luse, and Pullin, and her § 1981 claim against Luse fail as a matter of law. [26] at 6-7. Ellis withdraws all claims against the individual defendants in her memorandum and states she wishes to proceed with only the claims against Delta Technical. [29] at 5. The Court therefore grants Defendants' motion and dismisses all claims against Fitzgerald, Luse, and Pullin.

IV.  Conclusion

The Court has considered all the arguments set forth by the parties. Those arguments not addressed would not have changed the outcome of the Court's decision. For these reasons, the Court GRANTS Defendants' Motion to Dismiss [25]. These claims are DISMISSED WITH PREJUDICE: (1) the Title VII retaliation claim against Delta Technical; (2) all Title VII claims against Fitzgerald, Luse, and Pullin; and (3) all claims of race discrimination under § 1981 against Luse. The Title VII and § 1981 claims for race discrimination remain against Delta Technical.

SO ORDERED AND ADJUDGED this the 13th day of August, 2021.

s/ <i>Kristi H. Johnson</i><br>UNITED STATES DISTRICT